# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-801V
Originally Filed: August 14, 2025
Reissued for Public Availability: September 17, 2025

| | |
|---|---|
| ANA GUARDIOLA,<br><br>              Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>              Respondent. | Chief Special Master Corcoran |

*Ana Guardiola, Houston, TX, pro se petitioner.*

*Benjamin Patrick Warder, U.S. Department of Justice, Washington, DC, for Respondent.*

## **DECISION DISMISSING CASE FOR LACK OF PROSECUTION**

On July 1, 2020, Ana Guardiola filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 through 34 (the "Vaccine Act").[1] Petitioner alleged that she suffered bilateral shoulder injuries related to vaccine administration ("SIRVA") as a result of receiving the tetanus-diptheria-acelluar pertussis ("Tdap"), influenza ("flu"), and pneumococcal conjugate ("PCV13") vaccines on July 2, 2018. ECF No. 1 at 1-2.

On October 19, 2022, Respondent filed a Rule 4(c) Report contesting entitlement. *See generally* ECF No. 33. On February 9, 2023, I ordered the parties to file briefing and any additional evidence on the issues of (a) the site or sites of vaccine administration; (b) whether Petitioner's pain and reduced range of motion were limited to the shoulder or shoulders in which the vaccines were administered; and (c) whether there was some other condition or abnormality that explains Petitioner's symptoms. ECF No. 34.

---

[1] Pursuant to Vaccine Rule 18(b), this decision was initially filed on August 14, 2025, and the parties were afforded 14 days to propose redactions. The parties did not propose any redactions. Accordingly, this decision is reissued in its original form for posting on the court's website.

After the conclusion of briefing, I issued a fact ruling on situs and dismissed the Table SIRVA claim on September 30, 2024. ECF No. 44 at 1. In particular, I found it more likely than not that Petitioner had received the three vaccines in her left shoulder, as alleged, but that her claim could not meet the other Table elements because her pain and reduced range of motion were not limited to that shoulder. *Id.* at 2. In addition, and although I did not resolve whether Petitioner's condition could be explained by another condition or abnormality, I did note that a preliminary review of the evidence identified a potential alternative cause for the injury (moderate-to-severe osteoarthritis in the right acromioclavicular joint). *Id.* at 12-13. I therefore dismissed the Table SIRVA claim. *Id.*

However, I provided Petitioner "one brief and final opportunity to determine whether she would like to pursue any remaining causation-in-fact claim centering on an injury to the vaccinated shoulder/arm." *Id.* at 13. Petitioner was ordered to show cause by October 30, 2024 why her claim should not be dismissed for insufficient proof of causation-in-fact and otherwise state how she wished to proceed. *Id.* at 13. I also cautioned Petitioner that any failure to respond to this order would be interpreted as a failure to prosecute and result in dismissal of Petitioner's claim. *Id.*

On November 1, 2024, one day after the show cause deadline, Petitioner's counsel submitted a status report explaining that he had made several attempts to contact his client, but had not received any response or direction as to how to proceed in the case. ECF No. 45 at 1. Petitioner's counsel also stated that he had informed Petitioner that he was withdrawing as counsel (although he did not formally file a motion to withdraw). *Id.*

In response, on December 3, 2024, I issued another order to show cause – this time, ordering Petitioner to explain why this case should not be dismissed for failure to prosecute. ECF No. 47. I ordered Petitioner to file a status report by January 2, 2025 stating why her claim should not be dismissed for insufficient proof of causation-in-fact and otherwise stating how she wishes to proceed. *Id.* at 2. I again cautioned Petitioner that any failure to respond to the Show Cause Order would be treated as either failure to prosecute or an inability to provide support for the claim and would result in dismissal of the petition. *Id.*

On December 4, 2024, Petitioner's counsel filed a status report reiterating that he sought to withdraw from this matter, had notified Petitioner of this intent, and had provided Petitioner with copies of my orders to show cause. ECF No. 48. Then, on December 27, 2024, Sonya Mendez, writing for Petitioner,[2] emailed the Office of Special Masters

---

[2] Petitioner's medical records indicate that her primary language is Spanish and that her family members often interpreted for her. *See, e.g.*, Ex. 4 at 22, 47.

2

("OSM") Staff Attorney assigned to this matter. Ms. Mendez referenced the order to show cause and requested information about how to respond because Ms. Guardiola had "zero information" and "[her] attorney is no longer available to [her]." The OSM Staff Attorney provided this email to Petitioner's counsel, who still had not formally moved to withdraw, and Respondent's counsel.

On December 30, 2024, Petitioner's counsel filed a status report referencing Ms. Mendez's December 27, 2024 email, and stating that "[c]ounsel had no knowledge or communications with his client to indicate she would attempt to speak to the Court without counsel." ECF No. 49 at 1. Petitioner's counsel requested again that he be permitted to withdraw from the case. *Id.*

On May 27, 2025, I issued an order construing Petitioner's counsel's repeated requests as a motion to withdraw and granted that motion. I also ordered Petitioner, now proceeding *pro se*, to file a status report stating why her claim should not be dismissed for insufficient proof of causation-in-fact and otherwise stating how she wished to proceed by July 31, 2025. I again warned Petitioner that failure to respond would be interpreted as either an inability to provide supporting documentation for this claim or as a failure to prosecute and the claim would be dismissed. But Petitioner never submitted any filings or made any other communication in response to the May 27th order.

It is a petitioner's obligation to follow and respond to orders issued by a special master in a case. The failure to do so – whether on account of attorney error, inaction, or because a petitioner has failed to stay in contact and/or communicate with counsel – is grounds for the claim's dismissal. *Padmanabhan v. Sec'y of Health & Human Servs.*, 638 Fed. App'x 1013 (Fed. Cir. 2016); *Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl. Ct. 439 (1992), *aff'd*, 991 F.2d 810 (Fed. Cir. 1993) (per curiam), ("[c]ontrolling precedent considers dismissal appropriate when failure to act is deemed willful, when it is in violation of court orders, when it is repeated, and when clear warning is given that the sanction will be imposed"); *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 503 (1996) ("[n]ot only did petitioner fail to meet the court's . . . deadline, but he also ignored the chief special master's 'warning' order, clearly placing petitioner on notice that failure to respond to the court's order . . . , would result in dismissal of the claim. The chief special master clearly did not abuse his discretion in dismissing this case for failure to prosecute"); *see also* Vaccine Rule 21(b) ("[t]he special master or the court may dismiss a petition or any claim therein for failure of the petitioner to prosecute or comply with these rules or any order of the special master or the court.").

Petitioner was specifically afforded "one brief and final opportunity" in my September 30, 2024 fact ruling to show cause why her claim should not be dismissed for

3

insufficient proof of causation-in-fact. Petitioner failed to maintain contact with her attorney and did not respond to this order. However, on December 3, 2024, I provided another opportunity for Petitioner to explain why her case should not be dismissed for failure to prosecute. Now, almost a year has passed since the fact ruling and Petitioner has again failed to respond to the direction in the May 27, 2025 order to show cause why her claim should not be dismissed. Petitioner has not provided any explanation for her lack of response and her continued disregard for these orders. Dismissal is now appropriate.

Accordingly, this case is **DISMISSED** for failure to prosecute. The Clerk of Court shall enter judgment accordingly.[3]

**IT IS SO ORDERED.**

Brian H. Corcoran
Chief Special Master

---

[3] If Petitioner wishes to bring a civil action, she must file a notice of election rejecting the judgment pursuant to 42 U.S.C. § 300aa-21(a) "not later than 90 days after the date of the court's final judgment."